Janette K. Brimmer (WSB #41271)
EARTHJUSTICE
705 Second Avenue, Suite 203
Seattle, WA  98104
T: 206.343.1029
F: 206.343.1526
E: jbrimmer@earthjustice.org

Erik Grafe (*pro hac vice* pending)
EARTHJUSTICE
441 W 5th Avenue, Suite 301
Anchorage, AK  99501
T: 907.792.7102
F: 907.277.1390
E: egrafe@earthjustice.org

Kenta Tsuda (*pro hac vice* pending)
EARTHJUSTICE
325 Fourth Street
Juneau, AK  99801
T: 907.500.7129
F: 907.463.5891
E: ktsuda@earthjustice.org

*Attorneys for Citizens for Clean Air, a project of*
*Alaska Community Action on Toxics, and Sierra Club*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITIZENS FOR CLEAN AIR, a project of ALASKA COMMUNITY ACTION ON TOXICS, and SIERRA CLUB,<br><br>    Plaintiffs,<br><br>  v.<br><br>GINA MCCARTHY, in her official capacity as Administrator of the United States Environmental Protection Agency, and DENNIS MCLERRAN, in his official capacity as Regional Administrator of the United States Environmental Protection Agency Region 10,<br><br>    Defendants. | Case No.<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

COMPLAINT
(Case No.                    )

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*206.343.7340*

**INTRODUCTION**

1.      Fairbanks has the worst episodic fine-particulate matter ("PM-2.5") pollution in the nation—"worse than Los Angeles, Milwaukee and Detroit combined," a local newspaper put it.  *See* Exhibit 1 (Amanda Bohman, *Air pollution in North Pole worse than Los Angeles*, *Milwaukee and Detroit combined*, Fairbanks News Miner (May 27, 2016)).  Defendants have known about Fairbanks's PM-2.5 problem for half a decade at least, but they have repeatedly failed to take action mandated by the Clean Air Act.  Most recently, they have failed to approve or disapprove a proposed state implementation plan within twelve months of deeming it complete as the statute requires.  Due in part to Defendants' ongoing delay, the people of Fairbanks, including children and the elderly, continue to endanger their health with each breath.

2.      The Federal government recognizes the dangers that PM-2.5 poses to the people of Fairbanks.  Under the Clean Air Act, the U.S. Environmental Protection Agency regulates PM-2.5 pollution, imposing relevant 24-hour National Ambient Air Quality Standards.  62 Fed. Reg. 38,652 (July 18, 1997) (adopting 24-hour NAAQS for PM-2.5); 71 Fed. Reg. 61,144 (Oct. 17, 2006) (codified at 40 C.F.R. § 50.13) (strengthening standards).

3.      EPA designated the Borough a nonattainment area for PM-2.5 in November 2009.  74 Fed. Reg. 58,688, 58,696, 58,702 (Nov. 13, 2009).  It continues to document that the Borough has some of the worst episodic PM-2.5 pollution in the nation, with ambient air concentrations frequently in excess of the NAAQS for PM-2.5—currently by more than any other previously designated non-attainment area. *See* Exhibit 2 at 1 (EPA, *Areas Previously Designated Nonattainment for the 2006 PM-2.5 24-hour NAAQS*).

4.      But EPA has been derelict in its duties to protect the families of Fairbanks from fine particulate matter pollution.  EPA has failed to fulfill its statutorily required duty to fully or

COMPLAINT
(Case No.                    )      1

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*206.343.7340*

1  partially approve, or disapprove, the State of Alaska's state implementation plan submission (SIP

2  submission) addressing the Fairbanks North Star Borough 24-hour fine particulate matter

3  nonattainment area.  The Clean Air Act gives EPA twelve months from its determination that the

4  State's submission was administratively complete to issue its approval decision.  42 U.S.C. §

5  7410(k)(2).  On December 31, 2014, the State of Alaska made its SIP submission addressing the

6  Fairbanks PM-2.5 nonattainment to EPA and, on January 29, 2015, supplemented this

7  submission by transmitting final regulations related to the proposed SIP. On February 18, 2015,

8  EPA Office of Air, Waste and Toxics Director Kate Kelly determined that the State of Alaska's

9  submission was complete, and thus, that the EPA would proceed to consider the SIP submission

10  for approval.  The agency's approval decision was due on February 18, 2016.  Twelve months

11  have come and gone without any response from EPA.

12      5.      Accordingly, Plaintiffs CITIZENS FOR CLEAN AIR, a project of ALASKA

13  COMMUNITY ACTION ON TOXICS and SIERRA CLUB bring this action to compel

14  Defendant GINA MCCARTHY, in her official capacity as EPA Administrator, and Defendant

15  DENNIS MCLERRAN, in his official capacity as Regional Administrator of EPA Region 10, to

16  perform their mandatory duties to ensure that the Federal Government is acting timely to provide

17  the residents of the Fairbanks North Star Borough the health protections promised to them by

18  federal law.

19                              **JURISDICTION**

20      6.      The Court has jurisdiction over this action to compel the performance of EPA's

21  non-discretionary duties under the Clean Air Act's citizen suit provision 42 U.S.C. § 7604(a) and

22  28 U.S.C. § 1331.  The Court also has authority to order declaratory and injunctive relief

23  pursuant to 28 U.S.C. §§ 2201 and 2202.

24

25  COMPLAINT
   (Case No.                    )      2

26

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*206.343.7340*

**NOTICE**

7.     On April 6, 2016, Plaintiffs provided EPA written notice of the claim stated in this action, as required by 42 U.S.C. § 7604(b)(2).  *See* Exhibit 3 (Letter from Erik Grafe, counsel for Plaintiffs, to Gina McCarthy, Adm'r of EPA (April 6, 2016)).  A period of sixty days has elapsed since EPA was notified of Plaintiffs' claim, therefore, notice was proper.  *See* 42 U.S.C. § 7604(b)(2).

**VENUE**

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).  Defendant EPA resides in this judicial district.  EPA Region 10, which has authority over Alaska and is charged with reviewing state implementation plans for Alaska, is headquartered in Seattle.  This civil action is brought against officers of the United States acting in their official capacities and a substantial part of the events or omissions giving rise to the claims in this case occurred in the Western District of Washington.  Further, because EPA Region 10 is located within King County, assignment to the Seattle Division is proper under Civil Local Rule 3(d)(1).  Local Rule 3(d)(1).

**PARTIES**

9.     Plaintiff CITIZENS FOR CLEAN AIR, a project of ALASKA COMMUNITY ACTION ON TOXICS, is a coalition of local community members and citizens groups in Fairbanks, Alaska who are committed to cleaning up the air while keeping everyone warm in the winter.  Alaska Community Action on Toxics is a non-profit environmental health research and advocacy organization whose mission is to assure justice by advocating for environmental and community health.

10.     Plaintiff SIERRA CLUB is a national nonprofit organization with 64 chapters and over 625,000 members dedicated to exploring, enjoying, and protecting the wild places of the

COMPLAINT
(Case No.                              )        3

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*206.343.7340*

Earth; to practicing and promoting the responsible use of the Earth's ecosystems and resources; to educating and enlisting humanity to protect and restore the quality of the natural and human environment; and to using all lawful means to carry out these objectives.  The Alaska Chapter of the Sierra Club has approximately 1,475 members, including members in the Fairbanks North Star Borough.

11.    Plaintiffs' members live, raise their families, work, recreate, and conduct educational, advocacy, and other activities in the Fairbanks North Star Borough.  They are adversely affected by continuing exposure to levels of PM-2.5 pollution that exceed the national, health-based standards for 24-hour concentrations of PM-2.5 established under the Clean Air Act.  The adverse effects of such pollution include actual or threatened harm to their health, their families' health, their professional, educational, and economic interests, and their aesthetic and recreational enjoyment of the environment in the Fairbanks North Star Borough.

12.    EPA's failure timely to perform the mandatory duties described in this Complaint has injured and continues to injure the interests of Plaintiffs and their members.  The relief requested in this lawsuit would redress these injuries by compelling EPA to take the action mandated by Congress in the Clean Air Act's requirements for addressing and improving air quality in areas violating national air quality standards, such as the Fairbanks North Star Borough.

13.    Defendant GINA MCCARTHY is sued in her official capacity as the Administrator of the EPA.  She is responsible for taking various actions to implement and enforce the Clean Air Act, including the mandatory duty at issue in this case.

COMPLAINT
(Case No.                    )        4

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*206.343.7340*

14.     Defendant DENNIS MCLERRAN is sued in his official capacity as EPA Regional Administrator for Region 10.  He is responsible for implementing and enforcing the Clean Air Act in EPA Region 10, which includes the Fairbanks North Star Borough, Alaska.

## STATUTORY FRAMEWORK

15.     Congress enacted the Clean Air Act to "speed up, expand, and intensify the war against air pollution in the United States with a view to assuring that the air we breathe throughout the Nation is wholesome once again."  H.R. Rep. No. 91-1146, at 1 (1970), *reprinted in* U.S.C.C.A.N. 5356, 5356.  Consistent with these goals, the Act requires EPA to set NAAQS for certain pollutants, "the attainment and maintenance of which . . . are requisite to protect the public health" with "an adequate margin of safety," 42 U.S.C. §§ 7409(a)-(b), and designate areas with air pollution levels that exceed the national standards as "nonattainment" areas, 42 U.S.C. § 7407(d)(1).

16.     The Clean Air Act provides that each state with a nonattainment area must adopt a "state implementation plan" for improving air quality in that area in order to meet the NAAQS. 42 U.S.C. §§ 7407(a), 7410(a), 7502(b), and 7513a.

17.     Under the Clean Air Act, states must submit such plans to EPA for review.  42 U.S.C. §§ 7410(a)(1), 7502(b).  Once the EPA has determined that a submission is complete, the Clean Air Act requires EPA to reach a "completeness finding" determining whether the SIP submission is complete.  42 U.S.C. § 7410(k)(1)(B).

18.     Where the EPA has determined that a submission is complete, the agency shall approve in whole or in part or disapprove the State's submission within twelve months of its completeness finding.  42 U.S.C. §§ 7410(k)(2), (3).

COMPLAINT
(Case No.                    )          5

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*206.343.7340*

19.     If EPA fails to take a non-discretionary action, such as approving in whole or in part or disapproving a SIP submission within 12 months of a completeness finding, "any person may commence a civil action" to compel prompt action.  42 U.S.C. § 7604(a)(2).

## STATEMENT OF FACTS

20.     PM-2.5 refers to fine particles less than or equal to 2.5 micrometers in diameter, including hazardous forms of dirt, soot, smoke, and liquid droplets found in the air.  71 Fed. Reg. 61,144, 61,145 (Oct. 17, 2006).  PM-2.5 is "produced chiefly by combustion processes and by atmospheric reactions of various gaseous pollutants," thus "[s]ources of fine particles include . . . motor vehicles, power generation, combustion sources at industrial facilities, and residential fuel burning." *Id.* at 61,146.

21.     The detrimental effects of PM-2.5 on human health are significant.  Exposure has been associated "with an array of health effects, notably premature mortality, increased respiratory symptoms and illnesses (e.g. bronchitis and cough in children), and reduced lung function."  62 Fed. Reg. 38,652, 38,668 (July 18, 1997).  Numerous scientific studies have linked particle pollution exposure, especially exposure to fine particles, to a variety of problems, including premature death in people with heart or lung disease, non-fatal heart attacks, irregular heartbeat, aggravated asthma, decreased lung function, and increased respiratory symptoms, such as irritation of the airways, coughing, or difficulty breathing, as well as possibly cancer, and reproductive and developmental harms.  *See* Exhibit 4 (EPA, *Particulate Matter (PM)* (May 17, 2016)); Exhibit 5 at 8 (Am. Lung Ass'n, *State of the Air 2015* at 31 (citing EPA, Integrated Science Assessment for Particulate Matter, EPA 600/R-08/139F (2009))).

22.     EPA first adopted 24-hour NAAQS for PM-2.5 in 1997.  62 Fed. Reg. 38,652 (July 18, 1997).  In 2006, EPA strengthened these standards, revising the maximum allowed 24-

COMPLAINT
(Case No.                    )          6

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*206.343.7340*

1  hour average concentration of PM-2.5 from 65 micrograms per cubic meter (μg/m$^3$) to 35 μg/m$^3$.

2  71 Fed. Reg. 61,144 (Oct. 17, 2006) (codified at 40 C.F.R. § 50.13).

3      23.     Fairbanks North Star Borough has some of the worst fine particulate matter

4  pollution in the nation, with ambient air concentrations frequently in excess of the 24-hour

5  NAAQS for PM-2.5. Of all previously designated nonattainment areas for 24-hour PM-2.5,

6  measured by 2012-2014 design values, Fairbanks is the most polluted, with levels almost double

7  the next most-polluted area, at 397 percent of the 24-hour PM-2.5 NAAQS.  *See* Exhibit 2 at 1

8  (EPA, *Areas Previously Designated Nonattainment for the 2006 PM-2.5 24-hour NAAQS*).

9  Within the United States, the highest measures of episodic PM-2.5 are reported from a pollution

10  monitor on Hurst Road in the Borough's North Pole area.  *See* Exhibit 1 (Amanda Bohman, *Air*

11  *pollution in North Pole worse than Los Angeles, Milwaukee and Detroit combined*, Fairbanks

12  News Miner (May 27, 2016)).

13      24.     In designating attainment and nonattainment areas for the 2006 24-hour PM-2.5

14  NAAQS on November 13, 2009, EPA designated the Fairbanks North Star Borough as a

15  nonattainment area.  74 Fed. Reg. 58,688, 58,696, 58,702 (Nov. 13, 2009).  Because December

16  14, 2009 was the effective date for EPA's designations, a nonattainment state implementation

17  plan submission for the Fairbanks North Star Borough was due no later than December 14, 2012.

18  42 U.S.C. §§ 7502(b), 7513(a)(2)(B).

19      25.     The State of Alaska did not make a SIP submission by December 14, 2012, and

20  failed to comply with its legal duty to submit for the 2006 24-hour PM-2.5 National Ambient Air

21  Quality Standard no later than six months after the plan submission deadline—i.e., no later than

22  June 14, 2013.  *See* 42 U.S.C. § 7410(k)(1)(B).

COMPLAINT
(Case No.                    )        7

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*206.343.7340*

26.     EPA made no finding that the State had failed to submit within six months of the submission deadline, despite a mandatory duty to do so.  *See id.*

27.     As a result, on April 24, 2014, Plaintiffs brought suit in this Court under the Clean Air Act's citizen suit provision, seeking redress for EPA's failure to perform its nondiscretionary duty to issue a finding that the State had failed to make a SIP submission.  *See* Compl. at 8-9, *Citizens for Clean Air, et al. v. McCarthy et al.*, No. 2:14-cv-00610-MJP (W.D. Wash. Apr. 24, 2014), ECF No. 1.

28.     On December 31, 2014, while Plaintiffs' suit was pending, the State made a SIP submission addressing the Fairbanks PM-2.5 nonattainment to EPA.  *See* Exhibit 6 (Letter from Larry Hartig, Comm'r, Alaska Dep't of Envtl. Conservation, to Dennis McLerran, Reg'l Adm'r, EPA Region 10 (Dec. 31, 2014)).

29.     On January 29, 2015, the State supplemented its SIP submission by transmitting final regulations related to the proposed SIP to the EPA.  *See* Exhibit 7 (Letter from Larry Hartig, Comm'r, Alaska Dep't of Envtl. Conservation, to Dennis McLerran, Reg'l Adm'r, EPA Region 10 (Jan. 29, 2015)).

30.     On February 18, 2015, Kate Kelly, Director of EPA's Office of Air, Waste and Toxics, determined that the State's submission was complete.  Exhibit 8 (Letter from Kate Kelly, Director, Office of Air, Waste & Toxics, EPA, to Alice Edwards, Dir., Alaska Dep't of Envtl. Conservation, Div. of Air Quality at 1 (Feb. 18, 2015)).  Thus, EPA would proceed to consider the SIP submission for approval.  *Id.*  As a result, Plaintiffs and EPA agreed that the pending suit before this Court was mooted, and the Court dismissed the case.  *See* Notice of Case Closure, *Citizens for Clean Air et al. v. McCarthy et al.*, No. 2:14-cv-00610-MJP (W.D. Wash. Mar. 6, 2015).

COMPLAINT
(Case No.                    )        8

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*206.343.7340*

1

2

3

4

5

31.     Having determined the State's SIP submission complete, EPA was required to approve in whole or in part, or disapprove the State's submission within 12 months of EPA's completeness finding.  42 U.S.C. §§ 7410(k)(2), (3), (4).  Since EPA's completeness determination was rendered on February 18, 2015, EPA's approval decision was due on February 18, 2016.

6

7

8

32.     To date, EPA has failed to approve in whole or in part, or disapprove the State's submission addressing the 24-hour PM-2.5 National Ambient Air Quality Standard in the Fairbanks North Star Borough.

9

**CLAIM FOR RELIEF**
**(Failure to approve in whole or in part, or disapprove the State's submission)**

10

11

33.     Plaintiffs reallege each and every allegation set forth above, as if fully set forth herein.

12

13

14

34.     The deadline for approval in whole or in part, or disapproval of the State's 2006 24-hour PM-2.5 National Ambient Air Quality Standard nonattainment state implementation plan submission was no later than February 18, 2016.

15

16

35.     The EPA has not approved, in whole or in part, or disapproved the State's submission.

17

18

19

36.     Pursuant to 42 U.S.C. §§ 7410(k)(2), (3), EPA had a mandatory duty to approve in whole or in part or disapprove the State's submission within twelve months of the completeness determination deadline and no later than February 18, 2016.

20

37.     EPA has failed to perform this mandatory duty.

21

22

23

38.     Accordingly, EPA has been in continuous violation of the Clean Air Act, 42 U.S.C. §§ 7410(k)(2), (3), since February 19, 2016, or earlier.

24

25

26

COMPLAINT
(Case No.                    )          9

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*206.343.7340*

39.     This Clean Air Act violation constitutes a "failure of the Administrator to perform [an] act or duty under this chapter which is not discretionary with the Administrator," within the meaning of the Clean Air Act's citizen suit provision.  42 U.S.C. § 7604(a)(2).  The violation is ongoing.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that the Court:

1.     Declare that the Administrator is in violation of the Clean Air Act with regard to her mandatory, nondiscretionary duty under 42 U.S.C. § 7410(k)(2) to approve in whole or in part or disapprove within twelve months of the completeness determination deadline the State's submission of a proposed nonattainment state implementation plan addressing 24-hour concentrations of PM-2.5 in the Fairbanks North Star Borough;

2.     Issue an injunction requiring the Administrator to make and publish in the *Federal Register* a decision to approve in whole or in part or disapprove the State's SIP submission;

3.     Retain jurisdiction of this matter until such time as EPA has complied with its non-discretionary duties under the Clean Air Act;

4.     Award to Plaintiffs their reasonable costs of litigation, including attorneys' fees and expert witness fees; and

5.     Grant such further relief as the Court deems just and proper.

COMPLAINT
(Case No.                    )          10

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*206.343.7340*

Respectfully submitted this 9th day of June, 2016.

s/ Janette K. Brimmer

Janette K. Brimmer (WSB #41271)
EARTHJUSTICE
705 Second Avenue, Suite 203
Seattle, WA  98104
T: 206.343.1029
F: 206.343.1526
E: jbrimmer@earthjustice.org

Erik Grafe (AK Bar #0804010) (*pro hac vice* pending)
EARTHJUSTICE
441 W 5th Avenue, Suite 301
Anchorage, AK  99501
T: 907.792.7102
F: 907.277.1390
E: egrafe@earthjustice.org

Kenta Tsuda (AK Bar #1605046) (*pro hac vice* pending)
EARTHJUSTICE
325 Fourth Street
Juneau, AK  99801
T: 907.500.7129
F: 907.463.5891
E: ktsuda@earthjustice.org

*Attorneys for Citizens for Clean Air, a project of Alaska Community Action on Toxics, and Sierra Club*

COMPLAINT
(Case No.                    )              11